UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOSE ALFREDO VELASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-CV-123 JAR |
| ) | |
| ANDREW JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Jose Alfredo Velasquez (registration no. 41851-079), an inmate at Saint Genevieve Detention Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $33.13. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates that plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $33.13, which is 20 percent of plaintiff's average monthly deposit of $165.66.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff names three defendants in this action: Andrew Johnson (Jail Administrator); Unknown Ms. Carro (Jail Supervisor) and Unknown Gubel (Correctional Officer). Plaintiff sues all defendants in their individual and official capacities.

According to the complaint, the toilet in cell number 3 began leaking on June 22, 2017, and water from the leak flowed onto a walkway area. On July 4, 2017, plaintiff slipped and fell while walking back to his cell. Plaintiff states that he told Officer Gubel and Supervisor Carro about the situation, but the leak was not fixed until mid-July 2017.

Plaintiff alleges that since the fall, he has suffered back pain and neck pain, in addition to pain in his pelvis. Plaintiff states he has also suffered from headaches and anxiety and stress. Plaintiff acknowledges that he underwent an x-ray after the fall and he was seen by a doctor. The x-ray results are attached to plaintiff's complaint.

Plaintiff further alleges that he filed grievances about the slippery conditions to the jail staff but they failed to fix the issue in a timely manner. He attaches copies of his grievance forms, as well as an affidavit he created and two affidavits from fellow inmates, to his complaint.

Plaintiff's grievance responses from the jail are also attached to his complaint. The unnamed jail official first wrote that plaintiff had been treated for back, neck and shoulder pain prior to the alleged incident on July 4, 2017 by medical and nurse personnel. The response indicated that if plaintiff could give an approximate time that he purportedly fell on July 4th, the

Jail Administrator could review the camera system in order to provide additional information relating to the alleged fall. In the meantime, plaintiff should be seen my medical to receive adequate treatment.[1]

On the second form, a jail official wrote that camera footage from the day and time in question did show that plaintiff fell on July 4th. The camera showed that plaintiff slipped on his right foot and caught himself with his right hand and his bottom hit the ground. According to the grievance response, the camera then showed that plaintiff rolled onto his back slightly and got up unassisted after being asked by two separate inmates if he was all right. The response indicated that the camera evidence of the fall would be shared with plaintiff's doctor for his medical evaluation.

Plaintiff seeks injunctive and compensatory relief, in addition to punitive damages.

## Discussion

The Court first addresses plaintiff's allegations concerning the slick floor. Because plaintiff was a pretrial detainee at the time in question, his claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County* Jail, 328 F.2d 1026, 1027 (8th Cir. 2003).

Plaintiff's due process rights were violated if the complained-of jail condition constituted punishment. *Id.* Because the Fourteenth Amendment affords pretrial detainees at least as great protection as that given to convicts under the Eighth Amendment, courts have consistently applied the Eighth Amendment deliberate indifference standard to pretrial detainee claims involving prison conditions or the denial of medical care. *Jackson v. Buckman*, 756 F.3d 1060,

---

[1] The response to plaintiff's grievances indicates the times plaintiff received x-rays for his back and neck problems before and after the purported fall, as well as the times he saw medical personnel for these issues. Plaintiff states in his complaint, however, that he still "waits for more treatment. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (mere disagreement with treatment decisions does not rise to the level of a constitutional violation).

-4-

1065 (8th Cir. 2014), *Butler v. Fletcher*, 465 F.3d 340, 344-45 (8th Cir. 2006). Conditions of confinement claims include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted). To prevail, plaintiff must establish an objective element, which asks whether the condition was sufficiently serious to warrant constitutional protection, and a subject element, which asks whether the defendants acted with a sufficiently culpable state of mind. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993).

The Court accepts as true plaintiff's allegations that he slipped and fell and was injured on July 4, 2017, because there was water on the floor, and that there was water on the floor because a plumbing leak went unrepaired from June 22, 2017 to mid-July, 2017. However, the Court concludes that plaintiff has failed to allege a condition that was sufficiently serious to warrant constitutional protection.

While water on floors can be hazardous, "slippery floors constitute a daily risk faced by members of the public at large." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that standing water in a prison shower was not a condition posing a substantial risk of serious harm even where the inmate was on crutches and had warned prison employees he was at a heightened risk of falling).[2]

---

[2] Other federal courts have concluded that slippery prison floors do not violate the Eighth Amendment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that slippery prison floors "do not state even an arguable claim for cruel and unusual punishment"); *Lefall v. Johnson*, 48 F. App'x 104 (5th Cir. 2002) (prisoner's claim that he suffered back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); *Denz v. Clearfield County*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216-17 (N.D. W.Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); *Robinson v. Cuyler*, 511 F. Supp. 161, 162-63 (E.D. Pa. 1981) (finding no Eighth Amendment violation based on slippery floor in a prison kitchen); *Tunstall v. Rowe*, 478 F. Supp. 87, 88, 89 (N.D. Ill. 1979) (finding no Eighth Amendment violation based on greasy prison stairway); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1209, 1212-13 (W.D. Va. 1979) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen), aff'd, 618 F.2d 104 (4th Cir. 1980).

Plaintiff also fails to establish the subjective element – that defendants were deliberately indifferent to an excessive risk to his health or safety. Deliberate indifference requires a "highly culpable state of mind approaching actual intent." *Choate*, 7 F.3d at 1374. In this case, plaintiff's allegations establish at most that defendants negligently allowed a plumbing leak to remain unrepaired for a little over a month, not that they were wanton or inhumane. Mere negligence is insufficient to constitute deliberate indifference. *Id.*

In sum, plaintiff's claims against the defendants based on the wet and slippery floor conditions fail to state a violation of the Eighth Amendment or, under the same standard, the Due Process Clause of the Fourteenth Amendment.

Plaintiff also alleges that, he received an x-ray following the fall, and the grievance response attached to his complaint indicates he saw a doctor. Additionally, he does not allege that any named defendant was causally linked to, or bore any personal responsibility for, denying him medical care. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff's conclusory claim that he is waiting for "additional" treatment, or that somehow he was denied medical care is therefore not cognizable in these proceedings.

Plaintiff has not made any specific allegations against Johnson. Rather, he seems to have named him in this lawsuit under a theory of respondeat superior. Such claims are not cognizable pursuant to § 1983. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

Plaintiff appears to attempt to allege claims on behalf of inmates in the general population. However, plaintiff lacks standing to bring claims alleging mistreatment of other inmates. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Further, plaintiff is not an attorney and is not authorized to assert constitutional claims on behalf of others. *See* 28 U.S.C. § 1654.

Finally, plaintiff's allegations regarding the manner in which his grievances were handled do not state substantive constitutional claims. To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). There is no federal constitutional right to a prison grievance procedure. If a prison or jail elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (inmate's allegation that defendant's denial of his grievances failed to state a substantive constitutional claim); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $33.13 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all additional pending motions are **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of October, 2017.

                                          JOHN A. ROSS
                                        UNITED STATES DISTRICT JUDGE